IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 4:97-323-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Treadway L. Manning, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for reconsideration. ECF No. 112. Defendant argues that it was error for this court to construe his previously-filed motion for relief under 28 U.S.C. § 2255 as a second or successive motion because "the facts were not ripe at the time of his first § 2255." Mot. at 4, ECF No. 112. However, the "facts" to which Defendant refers are not facts but rather intervening legal decisions. The term "fact" as used in § 2255(f)(4) refers to an actual or alleged event or circumstance, but not to the date a defendant recognizes the legal significance of such event. *United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) (Sentelle, C.J., relying on and citing Black's Law Dictionary 7th Ed. at 610). As one district court has recognized, the law on this point is overwhelming:

> Indeed, each circuit that has considered the issue has found that a legal decision that does not change any part of the [Defendant's] own criminal history constitutes a ruling of law and does not create a new factual predicate for a federal habeas claim. *See Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007); *E.J.R.E.[ v. United States]*, 453 F.3d [1094,] 1097-98 [(D.C. Cir 2006)]; *Shannon [ v. Newland]*, 410 F.3d [1083,] 1089 [(9th Cir. 2005)]. Other circuits, while not addressing that issue directly, have explained that § 2255(f)(4) does not provide for AEDPA's one-year limitations period to begin to run upon a prisoner's recognition of a new legal ground for a § 2255 petition. *See United States v. Collins*, 364 [F. App'x] 496, 498 (10th Cir. 2010) (order denying certificate of appealability)("Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts."); *Barreto-Barreto v. United States*, 551 F.3d 95, 99 n. 4 (1st Cir. 2008) (noting that "the discovery of a new legal theory does not constitute a discoverable 'fact' for the purposes of § 2255(f)(4)"); *United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) (noting that for the purposes of § 2255(f)(4), "time begins when the prisoner knows (or through due diligence could discover) the

1

> important facts, not when the prisoner recognizes their legal significance" ( quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)(quotation marks omitted))).

*Tellado v. United States*, 799 F. Supp. 2d 156, 164 (D. Conn. 2011).

Accordingly, Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON M<small>C</small>GOWAN CURRIE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 20, 2014

2